IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| BROCONE ORGANIC PRIVATE LIMITED, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:21cv1296 (PTG/JFA) |
| EPOCH CONSULTANT CO. LLC, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff's motion for default judgment pursuant to

Federal Rule of Civil Procedure 55(b)(2).  (Docket no. 29).  Plaintiff seeks entry of default

judgment against defendants Epoch Consultant Co. LLC ("Epoch") and Nilesh Mehta ("Mehta")

(collectively "defendants").  Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate

judge is filing with the court his proposed findings of fact and recommendations, a copy of

which will be provided to all interested parties.

### Procedural Background

On November 22, 2021, plaintiff filed a complaint against defendants alleging claims

under the Lanham Act for unfair competition, false endorsement, false association, and false

designation of origin (Count I) and trademark infringement (Count II).  (Docket no. 1).

Plaintiff's complaint also alleges claims under Virginia common law for unfair competition and

passing off (Count III), trademark infringement (Count IV), and unjust enrichment (Count V).

*Id.*  The complaint seeks injunctive and other equitable relief, actual and treble damages, interest,

attorneys' and expert fees, and costs.  *Id.*

On November 23, 2021, summonses were issued for service on defendants. (Docket no. 4). On January 20, 2022, plaintiff filed a return of service confirming that defendant Epoch was served through the Virginia State Corporation Commission on December 21, 2021.[1] (Docket no. 9). On February 9, 2022, plaintiff filed several returns of service confirming that defendant Mehta was served by certified mail on February 2, 2022 and by email on February 4, 2022. (Docket nos. 11–13). On February 10, 2022, plaintiff filed another return of service confirming that defendant Mehta was served through the Secretary of the Commonwealth.[2] (Docket no. 14). On February 14, 2022, defendant Mehta, proceeding *pro se*, filed a motion for extension of time to file an answer on behalf of defendants. (Docket no. 15). The court granted the motion, ordered defendants to file responsive pleadings by April 15, 2022, and ordered defendant Epoch to have counsel enter an appearance on its behalf. (Docket no. 17). Defendants did not timely file responsive pleadings. On April 18, 2022, defendant Mehta, proceeding *pro se*, again filed a motion for extension of time to file an answer on behalf of defendants. (Docket no. 20). The court again granted the motion, ordered defendants to file responsive pleadings by May 16, 2022, and indicated that no further extensions would be allowed. (Docket no. 23). Defendants have not filed responsive pleadings and the time for doing so has expired.

On June 8, 2022, plaintiff filed a request for entry of default as to defendants pursuant to Federal Rule of Civil Procedure 55(a). (Docket no. 25). On June 14, 2022, the Clerk of Court entered default as to defendants. (Docket no. 27). On July 1, 2022, plaintiff filed a motion for

---

[1] The court also received a certificate of compliance from the Virginia State Corporation Commission on December 23, 2021, which reflected that Bernard J. Logan, Clerk of the Commission, was served as defendant Epoch's statutory agent. (Docket no. 8).

[2] The court also received a certificate of compliance from the Secretary of the Commonwealth on February 23, 2022, which reflected that the Secretary was served as defendant Mehta's statutory agent. (Docket no. 16).

default judgment, a memorandum in support, and a notice of hearing for Friday, August 12, 2022 at 10:00 a.m. (Docket nos. 29–31). At the hearing on August 12, 2022, counsel for plaintiff appeared, but no one appeared on behalf of defendants.

### Factual Background

The following facts are established in the complaint. (Docket no. 1) ("Compl."). Plaintiff is an Indian corporation with its principal place of business in India. (Compl. ¶ 9). Defendant Epoch Consultant Co. LLC is a Virginia limited liability company with its principal place of business in Virginia. (Compl. ¶ 10). Defendant Nilesh Mehta is a resident of Virginia and the managing member and principal owner of Epoch. (Compl. ¶ 11).

In June 2020, Mr. Manoj Singla ("Singla") created the term "BROCONE," and he registered the domain name BROCONE.COM on June 26, 2020. (Compl. ¶ 12). Singla formed Brocone Group, Inc. ("Brocone Group") and explored the concept of manufacturing rolling paper cones in India. (Compl. ¶ 18). On July 3, 2020, Singla directed plaintiff's partner and representative, Mr. Chandler Kant, to file a trademark application for the BROCONE mark with the Government of India, Trade Marks Registry on behalf of Brocone Group. (Compl. ¶ 13). The trademark application was filed under class 16 for "Paper, Paperboard, Boxes of cardboard, Cardboard, Filter paper" and class 34 for "Cigarette rolling paper, Cigarette, Cigarette packets, Cigarette tobacco, Cigarette paper." (Compl. ¶ 13). On August 14, 2020, Singla received a certificate of registration for the BROCONE mark from the Government of India, Trade Marks Registry. (Compl. ¶ 14). Throughout 2020, Singla took steps to operationalize Brocone Group's business, including applying for an Indian tax identification number, goods and services tax number, and importer exporter code, leasing office space, and beginning the manufacture of products under the BROCONE tradename. (Compl. ¶ 19).

3

On January 14, 2021, Brocone Group entered into a marketing agreement with defendant Epoch, which granted Epoch a limited license to market and sell BROCONE products in the United States.  (Compl. ¶ 20).  The agreement indicated that Epoch would not "reproduce, modify, or reverse engineer Brocone Group's products; and . . . would protect Brocone Group's intellectual property and notify it if Epoch became aware of any unauthorized use of Brocone Group's 'BROCONE' labeled products."  (Compl. ¶ 20).  Plaintiff alleges that the parties never entered into any agreement that would permit defendants to file a trademark application in their own name or on behalf of Brocone Group or its successors.  (Compl. ¶ 20).  In February 2021, Brocone Group began exporting BROCONE labeled goods into the United States through Epoch.  (Compl. ¶ 21).

On February 13, 2021, Epoch, at the direction of defendant Mehta, filed an application with the United States Patent and Trademark Office ("USPTO") to register the BROCONE mark for cigarette rolling papers.  (Compl. ¶ 22).  Plaintiff alleges that defendants filed the application without Brocone Group's knowledge or authorization and that they fraudulently claimed first use of the mark.  (Compl. ¶¶ 22–23).  Plaintiff claims that defendants knew that they never owned or used the mark "in a trademark sense" and that they knew that Brocone Group had used the BROCONE mark in India and the United States for many months prior to defendants' alleged first use on February 2, 2021.  (Compl. ¶ 23).  Plaintiff alleges that defendants fraudulently submitted with their trademark application a screenshot of Brocone Group's packaging label for its BROCONE brand rolling paper that defendants took from Brocone Group's website.  (Compl. ¶ 24).  Plaintiff also alleges that defendants falsely represented that they owned the Brocone Group website.  (Compl. ¶ 25).  Plaintiff claims that defendants falsely and fraudulently represented that no other entity had the right to use the BROCONE mark in commerce, that the

factual contentions made in the application were true, and that they were the owners of the BROCONE mark. (Compl. ¶ 29–31).

In February 2021, defendants attempted to set up manufacturing facilities to produce products bearing the BROCONE tradename. (Compl. ¶ 32). Plaintiff alleges that defendants have solicited customers, marketed, and/or sold infringing goods bearing the BROCONE tradename in this district and other jurisdictions. (Compl. ¶ 33).

On April 3, 2021, Singla submitted a US trademark application for the BROCONE mark, Serial No. 90622320, reflecting a foreign registration date of August 14, 2020 and a first use in October 2020. (Compl. ¶ 15). Singla then formed plaintiff and transferred his rights, title, and interest in the BROCONE mark and U.S. trademark application to plaintiff. (Compl. ¶¶ 16–17).

On May 1, 2021, Brocone Group discovered Epoch's trademark application, and Singla sent Epoch a letter cancelling the parties' marketing agreement based on alleged fraud. (Compl. ¶ 34). Singla demanded that defendants withdraw the application, but Epoch failed to respond. (Compl. ¶¶ 34–35). Brocone Group sent a cease and desist letter through counsel on July 13, 2021, but Epoch again failed to respond. (Compl. ¶¶ 35–37).

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Based on defendants' failure to file responsive pleadings, the Clerk of Court has entered default as to defendants. (Docket no. 27).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp.*

*v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter when necessary to enter or effectuate judgment.

### Jurisdiction and Venue

A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. Plaintiff brings these causes of action pursuant to the Lanham Act (15 U.S.C. § 1051 *et seq.*) and Virginia common law. (Compl. ¶¶ 38–66). This court has subject matter jurisdiction over the Lanham Act claims pursuant to 28 U.S.C. §§ 1331 (federal question), 1338 (civil action arising under any Act of Congress relating to trademarks), and 15 U.S.C. § 1121 (Lanham Act). This court has jurisdiction over the Virginia common law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction). This court has personal jurisdiction over defendants because defendants engaged in infringement in this district and reside in this district. (Compl. ¶¶ 10–11, 32–33). Pursuant to 28 U.S.C. § 1391(b), venue is proper in this district because a substantial part of the events or omissions giving rise to the claims occurred in this district, and defendants reside in this district. (Compl. ¶¶ 7–8).

Given that defendants are in default, and therefore admit the factual allegations in the complaint, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that this court has personal jurisdiction over defendants and that venue is proper in this court.

6

**Service**

Pursuant to Federal Rule of Civil Procedure 4(e)(1), an individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the court is located or where service is made. An individual may also be served by delivering a copy of the summons and the complaint to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2)(C). Pursuant to Federal Rule of Civil Procedure 4(h), a corporation, partnership, or other unincorporated association may be served in a judicial district of the United States in the manner prescribed in Rule 4(e)(1) for serving an individual, or by delivering the summons and complaint to an officer, manager, or general agent, or any other agent authorized by law to receive service of process and mailing a copy of each to the defendant.

On December 21, 2021 defendant Epoch was served by delivery of process to Bernard J. Logan, Clerk of the Commission for the Virginia State Corporation Commission, as Epoch's statutory agent in accordance with Va. Code § 12.1-19.1. (Docket nos. 8, 9). Defendant Mehta was served by certified mail on February 2, 2022, by email on February 4, 2022, and by delivery of process to the Secretary of the Commonwealth on February 10, 2022. (Docket nos. 11–14, 16). Based on the foregoing, the undersigned recommends a finding that service of process has been accomplished in this action.

**Grounds for Entry of Default**

On February 14, 2022, defendant Mehta, proceeding *pro se*, filed a motion for extension of time to file an answer on behalf of defendants. (Docket no. 15). The court granted the motion and ordered defendants to file responsive pleadings by April 15, 2022. (Docket no. 17). Defendants did not timely file responsive pleadings. On April 18, 2022, defendant Mehta,

7

proceeding *pro se*, again filed a motion for extension of time to file an answer on behalf of

defendants. (Docket no. 20). The court again granted the motion and ordered defendants to file

responsive pleadings by May 16, 2022. (Docket no. 23). Defendants have not filed responsive

pleadings, and the time for doing so has expired.

On June 8, 2022, plaintiff filed a request for entry of default as to defendants by the Clerk

of Court pursuant to Federal Rule of Civil Procedure 55(a). (Docket no. 25). The Clerk of Court

entered a default against defendants on June 14, 2022. (Docket no. 27). On July 1, 2022,

plaintiff filed a motion for default judgment, a memorandum in support, and a notice of hearing

for Friday, August 12, 2022 at 10:00 a.m. (Docket nos. 29–31). Plaintiff filed certificates of

service indicating that defendants were served with copies of the pleadings by email and first-

class mail. (Docket nos. 29 at 2, 30 at 16, and 31 at 2). Accordingly, the undersigned magistrate

judge recommends a finding that the Clerk of Court properly entered a default as to defendants

and that defendants had notice of this action and these proceedings.

## Liability

According to Federal Rule of Civil Procedure 54(c), a default judgment "must not differ

in kind from, or exceed in amount, what is demanded in the pleadings." Because defendants

failed to file responsive pleadings and are in default, they admit the factual allegations in the

complaint. *See* Fed. R. Civ. P. 8(b)(6). Plaintiff alleges that defendants are liable for trademark

infringement and unfair competition under the Lanham Act (Counts I and II) and Virginia

common law (Counts III and IV).[3]  (Compl. ¶¶ 38–63).

---

[3] In its complaint, plaintiff also asserted a claim for unjust enrichment. (Compl. ¶¶ 64–
66). Plaintiff does not clearly pursue this claim in its motion for default judgment, and the relief
sought is the same for each count. For these reasons, the court's analysis is limited to the
trademark claims alleged in Counts I–IV of plaintiff's complaint. (Compl. ¶¶ 38–63).

Plaintiff has established defendants' liability for trademark infringement and unfair competition under the Lanham Act and Virginia common law.  A party is liable for trademark infringement when that party, without the consent of the trademark owner, uses a mark in commerce "in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive."  15 U.S.C. § 1114(1)(a).  In order to prevail on a claim for trademark infringement under the Lanham Act, a plaintiff must establish: "(1) that it owns a valid mark; (2) that the defendant used the mark 'in commerce' and without plaintiff's authorization; (3) that the defendant used the mark (or an imitation of it) 'in connection with the sale, offering for sale, distribution, or advertising' of goods or services; and (4) that the defendant's use of the mark is likely to confuse consumers." *Rosetta Stone Ltd. v. Google, Inc.*, 676 F.3d 144, 152 (4th Cir. 2012) (quoting 15 U.S.C. § 1114; *see also Louis Vuitton Malletier S.A. v. Haute Diggity Dog, LLC*, 507 F.3d 252, 259 (4th Cir. 2007); *People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 364 (4th Cir. 2001).  The standard for unfair competition under 15 U.S.C. § 1125 is "largely the same" as the test for trademark infringement under 15 U.S.C. § 1114.  *Potomac Conference Corp. of Seventh-Day Adventists v. Takoma Acad. Alumni Ass'n, Inc.*, 2 F. Supp. 3d 758, 768 (D. Md. 2014).  The same standard also applies to common law trademark claims.  *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 930 n.10 (4th Cir. 1995) (noting that "[t]he test for trademark infringement and unfair competition under the Lanham Act is essentially the same as that for common law unfair competition under Virginia law because both address the likelihood of confusion as to the source of the goods or services involved").

Plaintiff's BROCONE mark is a valid trademark under the common law.[4]  To establish common law trademark rights, a party must demonstrate "actual use of the mark in a given market." *Emergency One, Inc. v. Am. Fire Eagle Engine Co.*, 332 F.3d 264, 267 (4th Cir. 2003). Plaintiff alleges that its founder, Mr. Singla, created the BROCONE tradename in June 2020 and promptly registered the BROCONE.COM domain name.  (Compl. ¶ 12).  Plaintiff claims that its predecessor, Brocone Group, entered into a marketing agreement "with defendant Epoch on January 14, 2021, which gave Epoch a license to market and sell BROCONE products in the United States.  (Compl. ¶ 20).  Plaintiff alleges that Brocone Group began exporting its BROCONE products into the United States through Epoch in February 2021.  (Compl. ¶ 21). These facts are sufficient to establish plaintiff's common law rights to the BROCONE mark in the United States.[5]

Plaintiff has established defendants' unauthorized use of the BROCONE mark in commerce.  Plaintiff alleges that the marketing agreement granted Epoch a limited license to market and sell BROCONE products, but it did not permit Epoch to reproduce, modify, or reverse engineer BROCONE products or to file a trademark application on behalf of Epoch or Brocone Group.  (Compl. ¶ 20).  Plaintiff claims that defendants "wrongfully attempted to set up

---

[4] Plaintiff does not allege that it has a valid certificate of registration from USPTO for the BROCONE mark, only that it has an interest in a U.S. trademark application filed on April 3, 2021.  (Compl. ¶ 15).  For this reason, plaintiff must demonstrate that it established common law trademark rights prior to defendants' allegedly fraudulent attempt to register the BROCONE mark.  *See Prod. Source Int'l, LLC v. Nahshin*, 112 F. Supp. 3d 383, 393 (E.D. Va. 2015) ("In the absence of a valid trademark registration, it is the common law that determines trademark rights.").

[5] Plaintiff also alleges several examples of efforts made to promote production of BROCONE products in India (Compl. ¶¶ 18–19), but these facts cannot be used to support a finding of common law trademark rights in the United States.  *See Prod. Source Int'l*, 112 F. Supp. 3d at 393–94 (noting that common law ownership of a mark requires continuous and deliberate use of the mark "in commerce in the United States").

manufacturing facilities and/or arrangements in this district" for products bearing plaintiff's

BROCONE tradename as early as February 2021. (Compl. ¶ 32). Plaintiff alleges that

defendants have "solicited customers, marketed, and/or sold infringing goods bearing Plaintiff's

tradename 'BROCONE' in this district, and other jurisdictions." (Compl. ¶ 33). These facts as

alleged establish that defendants used the BROCONE mark in commerce and without plaintiff's

authorization "in connection with the sale, offering for sale, distribution, or advertising" of

goods. *See Rosetta Stone*, 676 F.3d at 152 (quoting 15 U.S.C. § 1114).

Finally, plaintiff has established that defendants' use of the BROCONE mark is likely to

confuse consumers. In assessing the likelihood of confusion in a trademark infringement case,

the Fourth Circuit has identified nine factors that should be considered: "(1) the strength or

distinctiveness of the plaintiff's mark as actually used in the marketplace; (2) the similarity of the

two marks to consumers; (3) the similarity of the goods or services that the marks identify; (4)

the similarity of the facilities used by the markholders; (5) the similarity of advertising used by

the markholders; (6) the defendant's intent; (7) actual confusion; (8) the quality of the defendant's

product; and (9) the sophistication of the consuming public." *George & Co. v. Imagination

Entm't Ltd.*, 575 F.3d 383, 393 (4th Cir. 2009). Not all of these factors will be relevant in every

trademark dispute and there is no need for each factor to support plaintiff's position on the

likelihood of confusion issue. *See Lone Star Steakhouse*, 43 F.3d at 933.

Several factors support a finding that defendants' use of the BROCONE mark is likely to

confuse consumers. First, the BROCONE mark is distinctive, as plaintiff establishes that it was

created specifically for the purposes of marketing plaintiff's then-burgeoning rolling paper cone

business. (Compl. ¶ 12, 18); *see Sara Lee Corp. v. Kayser-Roth Corp.*, 81 F.3d 455, 464 (4th

Cir. 1996) (finding "fanciful" marks, i.e. those that are "in essence, made-up words expressly

coined for serving as a trademark," to be "inherently distinctive").  Second, plaintiff has demonstrated that defendants are using marks identical to the BROCONE mark, as reflected in defendants' use of plaintiff's BROCONE packaging label and website in their trademark application.  (Compl. ¶ 24–25).  Third, defendants are using the BROCONE mark to market goods indistinguishable from those offered by plaintiff.  (Compl. ¶ 22, 33).  Finally, there is ample evidence of defendants' bad faith intent, including: (1) defendants' efforts to register plaintiff's mark as their own after contracting to market and sell plaintiff's products, (2) defendants' misrepresentation in their trademark application that the BROCONE packaging and website belonged to them, and (3) defendants' consistent refusal to respond to plaintiff's communications or participate meaningfully in this litigation.  (Compl. ¶¶ 20–37).  For these reasons, there exists a substantial likelihood that defendants' use of the BROCONE mark will confuse consumers.

Accordingly, the undersigned recommends a finding that plaintiff has established defendants' liability for trademark infringement and unfair competition under the Lanham Act and Virginia common law.

## **Relief**

Plaintiff seeks permanent injunctive relief pursuant to 15 U.S.C. § 1116, attorneys' fees, and costs.[6]

---

[6] In its complaint, plaintiff sought additional equitable relief, damages, interest, and expert fees.  (Docket no. 1 at 15–16).  Because this relief is not clearly requested in its motion for default judgment, the court's analysis is limited to plaintiff's requests for a permanent injunction pursuant to § 1116, attorneys' fees, and costs.

**Permanent Injunction**

The Lanham Act provides the court the power to grant injunctions, "according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office." 15 U.S.C. § 1116(a).  In order for the court to provide injunctive relief, a plaintiff must demonstrate: (1) irreparable harm, (2) the inadequacy of a legal remedy (monetary damages), (3) a weight in its favor when balancing hardships, and (4) that the public would not be disserved by making the injunction permanent. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Plaintiff has established the requirements for injunctive relief.  The Fourth Circuit has recognized that "irreparable injury regularly follows from trademark infringement." *Lone Star Steakhouse*, 43 F.3d at 939.  As alleged in the complaint, defendants have wrongfully attempted to set up manufacturing facilities and/or arrangements of products bearing the BROCONE mark. (Compl. ¶ 32).  Defendants have further solicited customers, marketed, and/or sold infringing goods bearing the BROCONE mark in this district.  (Compl. ¶ 33).  Given that defendants' infringing conduct began shortly after plaintiff's entry into the U.S. market (Compl. ¶¶ 18–33), monetary damages would likely be difficult to establish and inadequate to address the harm to plaintiff's efforts to establish goodwill among new and potential customers.  The balance of hardships favors plaintiff because, as established above, plaintiff has common law trademark rights to the BROCONE mark, and defendants' efforts to pass off BROCONE products as their own and their refusal to commit to voluntary cessation of their infringing activities constitute substantial and ongoing harm to plaintiff.  (Compl. ¶¶ 32–37).  Finally, the public interest is

served in avoiding consumer confusion. *See Toolchex, Inc. v. Trainor*, 634 F. Supp. 2d 586, 594 (E.D. Va. 2008).

Based on the foregoing, the undersigned recommends an order permanently enjoining defendants from making, using, selling, or offering for sale any products that infringe the BROCONE mark, and requiring that defendants withdraw US Trademark Application No. 90528440 for the BROCONE mark.

**Attorneys' Fees and Costs**

The Lanham Act provides for a mandatory award of costs to the prevailing party in an infringement action and allows for an award of reasonable attorneys' fees in exceptional circumstances. *See* 15 U.S.C. § 1117(a). Exceptional circumstances exist when the non-prevailing party's position is "frivolous or objectively unreasonable," the case has been litigated in an "unreasonable manner," or where concerns about compensation and deterrence are heightened. *See Georgia-Pacific Consumer Prods. LP v. von Drehle Corp.*, 781 F.3d 710, 721 (4th Cir. 2015).

For the following reasons, the undersigned recommends that plaintiff be awarded attorneys' fees and costs. Defendants' misconduct here is sufficiently egregious as to implicate heightened concerns about compensating plaintiff fully and deterring future misconduct. *See Georgia-Pacific*, 781 F.3d at 721. Plaintiff's predecessor hired defendants to market and sell BROCONE products in the United States, and defendants agreed to protect plaintiff's intellectual property and to notify plaintiff of any unauthorized use of BROCONE products. (Compl. ¶ 20). Less than a month after signing the contract, defendants instead filed an application with the USPTO in an attempt to register the BROCONE mark as their own. (Compl. ¶ 22). Defendants falsely claimed first use of the BROCONE mark and fraudulently submitted photographs of

14

plaintiff's website and packaging labels as evidence of their own use of the mark.  (Compl. ¶¶ 23–25).  Defendants have since attempted to manufacture and sell infringing products in this district and have refused to respond to plaintiff's cease and desist communications.  (Compl. ¶¶ 32–37).  Defendants' misconduct has harmed plaintiff's ability to enter the U.S. market, and injunctive relief alone would not adequately compensate plaintiff or deter defendants from engaging in the same or similar misconduct in the future.  Such considerations are sufficient to justify a finding of exceptional circumstances under the Lanham Act.  *See Georgia-Pacific*, 781 F.3d at 721; *see also* 15 U.S.C. § 1117(a).

For these reasons, the undersigned recommends a finding that plaintiff is entitled to an award of attorneys' fees.[7]  As the prevailing party, plaintiff is also entitled to an award of costs. *See* 15 U.S.C. § 1117(a).

## Conclusion

For the reasons stated above, the undersigned recommends that a default judgment be entered in favor of plaintiff Brocone Organic Private Limited and against defendants Epoch Consultant Co. LLC and Nilesh Mehta pursuant to Count I alleging unfair competition under the Lanham Act (15 U.S.C. § 1125(a)), Count II alleging trademark infringement under the Lanham Act (15 U.S.C. § 1114), Count III alleging unfair competition and passing off under Virginia common law, and count IV alleging trademark infringement under Virginia common law.  The undersigned recommends that Count V alleging unjust enrichment be dismissed without prejudice.

---

[7] Plaintiff did not file a fee affidavit or bill of costs with its motion for default judgment but requested leave to do so following a finding that it is entitled to attorneys' fees. (Docket no. 30 at 14–15).  For this reason, the undersigned recommends that plaintiff be given an opportunity to provide support for its request for attorneys' fees and costs following a ruling on its motion for default judgment.

The undersigned recommends that defendants be permanently enjoined against making, using, selling, or offering for sale any products that infringe the BROCONE trademark at issue in this litigation and that defendants be ordered to withdraw US Trademark Application No. 90528440 for the BROCONE mark.  The undersigned further recommends that plaintiff be awarded its attorneys' fees and costs incurred in this litigation.

### Notice

By means of the court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to Epoch Consultant Co. LLC, c/o Nilesh Mehta, 1400 S. Joyce Street, Arlington, VA 22204, and Epoch Consultant Co. LLC, c/o Nilesh Mehta, 507 W College Ave, State College, PA 16801, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 12th day of August, 2022.

                                                    /s/
                                        John F. Anderson
                                        United States Magistrate Judge
                                        John F. Anderson
                                        United States Magistrate Judge

Alexandria, Virginia

16